JOHN LANG *vs.* ANDREW P. BUNKER & another.

No exception lies to the refusal by a judge of the superior court to allow an amendment to an answer.

In an action upon the recognizance of a debtor who has been arrested on execution, and who within the time stipulated in the recognizance for his surrender and examination has taken the poor debtors' oath before a justice of the peace, the defendants, for the purpose of showing that none of the other officers named in *St.* 1857, *c.* 141, § 4, could be conveniently found, cannot be allowed to ask the justice " what inquiries he made about other officers named in the statute, before acting in said case," or "whether any of said officers could be conveniently found," or " whether he learned from any source, before acting as said magistrate, that the master in chancery who issued the citation was away, on the day of the hearing; " but the plaintiff may call other officers named in said statute to testify to the distances of their residences and offices from the residence and place of examination of the debtor, and from the residence of the justice who acted in the case, and whether they were at home and disengaged on and immediately before the day of the examination.

CONTRACT on a recognizance taken under *St.* 1857, *c.* 141, concerning imprisonment for debt, with condition that the defendant Bunker, who had been arrested on an execution in favor of the plaintiff, should within ninety days from the time of his arrest deliver himself up for examination, giving notice as therein provided, and making no default, and abide the final order of the magistrate thereon. The answer alleged a performance of the condition of the recognizance, by delivering himself up for examination, giving due notice, and taking the oath for the relief of poor debtors before Dexter Bucknam, Esquire, a justice of the peace and of the quorum, within the ninety days, and receiving a certificate thereof from said Bucknam, a copy of which was annexed to the answer, being in the usual form.

At the trial in the superior court, before *Russell*, J., after the former decision in this case, reported in 1 Allen, 256, the defendants moved to amend the answer, " by inserting in the certificate in the answer, the words following : 'And I further certify that no justice of a court of record, police court, judge of probate, master in chancery or commissioner of insolvency could be conveniently found to attend said examination' "; but the judge refused to allow the amendment to be made.

The defendants called the justice, Bucknam, as a witness, and asked him " What inquiries he made about other officers named in the statute, before acting in said case;" "whether any of said officers could be conveniently found;" and "whether he learned from any source, before acting as said magistrate, that the master in chancery who issued the citation was away, or expected to be away, on the day of the hearing." All of these questions were excluded by the judge, the defendants having stated, as to the last one, that they did not expect to prove that the information was communicated to the witness by the said master in chancery. The citation, issued by a master in chancery, was annexed.

The plaintiff called several of the officers named in *St.* 1857. *c.* 141, § 4, and was allowed, under objection, to show by them the distances of their residences and offices from the residence and place of examination of the debtor, and from the residence of the justice who acted in the case, and that they were at home and disengaged on and immediately before the day of the examination.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*W. P. Harding*, for the defendants.

*J. Q. A. Griffin & S. H. Folsom*, for the plaintiff.

BIGELOW, C. J. 1. The refusal to allow an amendment to the answer, being within the discretion of the court, is not open to exception. *Bruce* v. *Fairbanks*, 12 Cush. 273. *Richmond Iron Works* v. *Woodruff*, 8 Gray, 447. *Payson* v. *Macomber*, 3 Allen, 69. Besides; we think the discretion was wisely exercised in this case. The amendment could in no way have availed the defendants, because the certificate of the magistrate would still have remained unchanged, and, when offered in evidence, would not have supported the new allegation, which the defendant by his proposed amendment sought to introduce into his answer.

2. The inquiries put to the witness Bucknam were properly rejected. The first was immaterial. The authority of the justice to administer the poor debtors' oath did not depend on the diligence which he used in making inquiries to ascertain whether

one of the magistrates specified in *St.* 1857, *c.* 141, § 4, could be found to attend to the duty, but on proof of the fact that their attendance was impracticable, because they could not be conveniently found. *Lang* v. *Bunker*, 1 Allen, 256. The second question was objectionable, because it was so framed as to elicit, not the fact which was at issue, but the opinion of the witness in regard to it. It is no answer to the objection to say that the witness was also the magistrate who administered the poor debtors' oath, and that it would have been competent for him to state the fact, concerning which he was inquired of, in the official certificate made by him, that the poor debtor had taken the oath prescribed by law. His power or authority to make a statement under the sanction of his oath of office as a magistrate does not enlarge or in any way affect his right or capacity to testify as a witness in the trial of a cause. The third question put to him was also incompetent, as being intended to draw out mere hearsay testimony. .

3. All the questions put to the witnesses produced by the plaintiff were relevant and material, and calculated to elicit facts directly bearing on the issue before the jury.

*Exceptions overruled.*